UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD HALL                                                                                           PLAINTIFF

V.                                                            CIVIL ACTION NO. 5:19-CV-025-DPJ-FKB

NATCHEZ-ADAMS COUNTY AIRPORT                                                           DEFENDANTS
COMMISSION, ET AL.

ORDER

Defendants summary-judgment briefs totaled 16 pages more than Uniform Local Rule 7(b)(5) allows.  That prompted two additional motions:  (1) Plaintiff's Motion to Strike Reply or for Leave to File a Surreply [78] and (2) Defendants' Motion to Allow Additional Briefing [82].  For the following reasons, the Court will grant Defendants' delinquent request to exceed the page limit and grant Plaintiff's alternative request to file a 16-page surreply.

Under Local Rule 7(b)(5), a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages . . . ."  L.U. Civ. R. 7(b)(5).  Following the Court's page-limit rule is "important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Kavia, LLC v. Parker*, No. 1:15-CV-63-DMB, 2018 WL 1162250, at *2 (N.D. Miss. Mar. 5, 2018) (quoting *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988)).  Defendants acknowledge that they violated Local Rule 7(b)(5).  Defs.' Mem. [81] at 1.  But they claim that good cause existed because Plaintiff's Response presented new legal theories and inadmissible evidence.  Defs.' Mem. [81] at 1–2; Defs.' Mem. [83] at 1–2.

That argument is not overly compelling because Defendants expended 30 of their 35 pages in their opening memorandum, a brief that could have been shorter.  And while Plaintiff's response gave Defendants much to address, they should have requested the extra pages before

replying.  Despite these procedural missteps, the Court needs to hear what Defendants have to say and therefore grants their Motion to Allow Additional Briefing [82].

But granting that motion comes at a cost.  The Local Rules contemplate giving both sides the same page limitations, and Defendants now have more pages to brief their arguments.  That problem can be fixed by granting Plaintiff's alternative request to file a 16-page surreply, but that too causes problems—Defendants are now denied the last word on their motion.  Considering the circumstances, granting Plaintiff's alternative request is the best option, and it should encourage movants to adhere to the Court's page limits.  Plaintiff is therefore granted leave to file a surreply not to exceed 16 pages.

Though Plaintiff will have 16 extra pages, he need not use them all.  Surreplies are generally disfavored because they delay resolution of the matter and often do little more than "repeat[ ] arguments from the memorandum in opposition."  *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011).  Here, the motions related to the excess pages have already added nearly six weeks of briefing.  Further delay based on repetitive arguments is unnecessary; the Court will thoroughly read Plaintiff's initial memorandum.  Accordingly, the surreply should not be used to merely rehash old arguments.  Moreover, "[t]he scope of the reply should be limited to addressing the arguments raised by" Defendants in their reply.  *Id*.  The Court will not consider new arguments raised in the surreply unless they respond to arguments Defendants first raised in their reply.  *Id.*; *see also Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citation omitted)).[1]

---

[1] If Plaintiffs were to raise new arguments that are not responsive to the Defendants' Reply, it would likely lead to a motion to file a sur-surreply and further delay the Court's ability to get to the merits.  To be clear, the Court does not desire any further motions or briefs.

Finally, Defendants fear Plaintiffs will use the surreply to raise new claims or to introduce inadmissible evidence. Defs.' Mem. [81] at 2–3. First, "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Second, "[m]aterial that is inadmissible will not be considered on a motion for summary judgment . . . ." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990)). So, any new theories or inadmissible evidence submitted in response or furthered in surreply would not be considered by the Court anyway. *See Fisher*, 895 F.2d at 1708. The Court therefore grants Plaintiff's Motion to Strike [78] to the extent he alternatively requests leave to file a surreply not to exceed 16-pages.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Allow Additional Briefing [82] is granted and Plaintiff's Motion to Strike [78] is granted as to the alternative request for leave to file a surreply but otherwise denied. Plaintiff may, by December 31, 2020, file a surreply not to exceed 16 pages.

**SO ORDERED AND ADJUDGED** this the 22nd day of December, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE